RICHARD A. & SYLVIA H. CADY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cady v. Commissioner
Docket No. 9956-87
United States Tax Court
T.C. Memo 1990-260; 1990 Tax Ct. Memo LEXIS 279; 59 T.C.M. (CCH) 689; T.C.M. (RIA) 90260; May 29, 1990, Filed *279 Richard A. Cady, for the petitioners. Susan S. Canavello, for the respondent. KORNER
*948 MEMORANDUM OPINION Respondent originally determined deficiencies against petitioners Richard A. and Sylvia H. Cady for 1983, based upon (a) the disallowance of various business deductions claimed by the Cadys in connection with their unincorporated business; (b) the determination that Richard A. Cady was liable for the self-employment tax; (c) a reduction in petitioners' allowable medical deduction (an issue to be automatically adjusted depending upon the outcome of other issues herein); and (d) additions to tax for negligence under sections 6653(a)(1) and 6653(a)(2). [1]
Respondent also determined reductions in the allowable loss for 1983 of Cady Development Company, Inc., an S Corporation, *280 by Final S Corporation Administrative Adjustment (FSAA) in the amount of $ 9,664.93, based upon
(a) disallowing claimed rent deductions of $ 5,932.14; (b) disallowing claimed depreciation of $ 1,917.00; (c) disallowing claimed taxes and insurance in the amount of $ 1,815.79; and (d) determining that additions to tax under sections 6653(a)(1) and (a)(2) were to be imposed on the shareholder of the S Corporation to whom the above adjustments to income were attributable. The petition herein, covering both the above notices, was timely filed by Richard A. and Sylvia H. Cady, and Cady Development Co., Inc., Richard A. and Sylvia H. Cady, Tax Matters Person, and all adjustments were contested. Thereafter, and after an answer had been filed, the following occurred: (i) Respondent amended his answer, pursuant to leave, to allege increased deficiencies against petitioners Richard A. and Sylvia H. Cady, based upon determining that the adjustments to the S Corporation's income (loss) should be made directly against them, Richard A. Cady being the S Corporation's sole shareholder; and (ii) Pursuant to respondent's motion, the Court ordered the case dismissed for lack of jurisdiction, *281 so far as Cady Development Co., Inc., was concerned, and ordered that all issues in the petition relating to said Cady Development Co., Inc., be struck, and that the case be *949 recaptioned in the sole names of Richard A. and Sylvia H. Cady; and (iii) Reply to the amended answer was filed, contesting all the proposed adjustments in the amended answer. The case was tried on this basis. Petitioners were residents of Mobile, Alabama, at the time they filed their petition herein. Certain facts were established by stipulation of the parties, [2] and such facts are incorporated herein by this reference. For convenience, we will group separately our findings and opinion with respect to (a) matters relating to respondent's adjustments to petitioners' joint return, as contained in a statutory notice to them, and (b) matters concerning the Cady Development Company, Inc. (the S Corporation) raised by respondent in his amended answer. *282 Adjustments Made In Respondent's Statutory Notice To Petitioners
In the statutory notice sent to petitioners for the year 1983, respondent made adjustments to the income reported by Richard A. Cady (hereinafter petitioner) from the operations of a sole proprietorship known as Marine Survey Press. Such operations were reported by petitioners on a Schedule C attached to their 1983 return. The adjustments which respondent made were to disallow numerous expenses claimed in the return for such things as advertising, car and truck expense, freight, insurance, rent and the like, in the total amount of $ 22,007.36. At trial, petitioner offered no evidence at all with respect to certain of these items, and only the most vague, general and conclusory comments with regard to certain other items. He presented no documentary evidence supporting the claimed deductions of any sort. His explanation was that all the books and records of Marine Survey Press had been lost in 1988 in an airplane crash in the Bahamas, in which his son, who had the records, was also killed. We accept this testimony. Nevertheless, tragic though this accident may have been, it did not relieve petitioner from *283 coming forward with evidence to establish the validity of the claimed deductions. The burden of proof as to all these items was on petitioner, Rule 142(a), and he simply failed entirely to meet that burden. There was no demonstration that any attempt was made by petitioner to reconstruct the books and records which had been lost, or to replace them by independent proof, from third-party sources, of the expenditures in question. We therefore sustain respondent on this issue. Respondent also determined that petitioner was liable for self-employment tax in the year 1983. Petitioner presented absolutely no evidence on this subject; but it is clear from petitioner's return as filed that he was self employed. As in the previous case, petitioner had the burden of proof on this point and presented absolutely nothing with respect to it. We therefore sustain respondent. Finally, respondent determined additions to tax under sections 6653(a) (1) and 6653(a)(2) for negligence, apparently based upon petitioner's failure to provide any substantiation for the deductions of the Marine Survey Press claimed in the return. Petitioner also had the burden of proof as to this item, but we think *284 he has satisfactorily met it. His failure to produce any records supporting his claimed deductions certainly has cost him those issues, but we think the tragic loss of his papers in the airplane accident which killed his son explains why no such records were produced at trial, and negates any suggestion that petitioner did not maintain adequate books and records or was otherwise negligent in the preparation of his return. Indeed, there are indications in the testimony that at the trial of another case involving petitioner for a prior year (prior to the above accident), such books and records were available and were presented. We accordingly hold that petitioners are not liable for the additions to tax under sections 6653(a)(1) and (2) with respect to the above-mentioned items for 1983. Adjustments To Cady Development Company
During 1983, petitioner was the sole shareholder of Cady Development Company, Inc., a Subchapter S Corporation, having obtained two-thirds of the outstanding stock (in addition to the one-third share he already owned) from his two sons in prior years. In its 1983 return, the S Corporation reported that it was "inactive -- pending liquidation," but it *285 did report the receipt of income, and various expenses related thereto. During that year, the S Corporation owned an office building at 8100 Cottage Hill Road, Mobile, Alabama. In connection with that activity, the S Corporation reported $ 13,200 of gross rentals, and reported various expenses for maintenance, repairs, taxes and other expenses with respect to the property. All the business of the corporation was personally conducted by petitioner. In examining the affairs of the S Corporation for 1983, respondent's agent examined the available books and records of the corporation, including bank statements, canceled checks and other records. As the result of such examination, *950 respondent adjusted the S Corporation's income by disallowing a claimed deduction of $ 5,932.12 for rent paid in its entirety. In addition, respondent adjusted the depreciation claimed by the S Corporation in its return for 1983, reducing the claimed amount of $ 6,996 by the amount of $ 1,917, based on certain adjustments made by respondent. Respondent also decreased the allowable deductions of the S Corporation by $ 1,815.79 because of claims for taxes and insurance which respondent disallowed. *286 As to these matters involving adjustments to the reported income or loss of Cady Development Company, the burden of proof was on respondent, since these items were raised against petitioners by respondent by amended answer herein, Rule 142(a). At trial, all respondent did to discharge this burden was to present the testimony of the examining agent who testified as to the adjustments which she made upon examination, and put into evidence certain schedules prepared by her, which the Court accepted not only for their probative weight but only to demonstrate what the examining agent had done. Such adjustments by respondent's agent were certainly not self proving and did not carry respondent's necessary burden to prove the validity of his adjustments on these newly raised issues by a preponderance of the evidence. We accordingly hold that respondent has failed in his burden of proof with respect to these issues, and we hold for petitioners in this regard. Likewise, respondent by amended answer asserted additions to tax under sections 6653(a)(1) and (2) with respect to the adjustments to Cady Development Co., which were attributable to petitioner as the sole shareholder. Here again, *287 the burden of proof was on respondent, and we hold that respondent has presented insufficient evidence of negligent action on the part of petitioners to justify the imposition of these additions to tax. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Respondent on brief concedes that the facts contained in his request for admissions herein should not be deemed to be admitted by petitioners.↩